IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIGUEL SANTOS AND MICHAEL HARRIS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | Civil Action No. 4:25-cv-156 |
| v. | § § § | |
| R&B THE COLONY RESTAURANT, LLC AND BRETT ANZ, INDIVIDUALLY | § § § § § | |
| Defendants | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiffs Miguel Santos and Michael Harris ("Named Plaintiffs") bring this Complaint on behalf of themselves and all other similarly situated persons ("Class Members") against the above-named Defendants for violations of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, as amended ("FLSA").

**I. NATURE OF SUIT**

1.  Defendants R&B The Colony Restaurant, LLC and Brett Anz operate a chain of restaurants in Texas under the assumed name of Rock & Brews Restaurant. Other restaurants operating under the Rock & Brews name are located in California, Florida, Kansas, Missouri, Oklahoma, Washington and Wisconsin.

2.  The FLSA requires that employers pay a minimum wage of at least $7.25 per hour to their employees. 29 U.S.C. § 206(a). However, the tip credit provisions of the FLSA permit an employer to credit a portion of a tipped employees' tips toward the employer's federal minimum

wage obligations.  29 U.S.C. § 203(m).  As this tip credit can be up to $5.12 per hour, an employer utilizing the tip credit provisions can pay tipped employees as little as $2.13 per hour.  *Id.*

3. Defendants have a policy and practice of paying tipped employees, including Named Plaintiff Santos and the Class Members, a subminimum wage of between $2.13 and $3.25 per hour pursuant to the tip credit provisions of the FLSA.

4. However, Defendants failed to provide all the predicate notice required by the FLSA for employers utilizing the tip credit.

5. Defendants have also failed to pay their tipped employees, including Named Plaintiff Santos and the Class Members, the required federal minimum wage for the performance of nontipped work unrelated to their tipped occupation.

6. Additionally, Defendants require all tipped employees, regardless of whether they are paid above or below minimum wage, to share tips with Defendants' managers and supervisory personnel.

7. Defendants' illegal practices in violation of the FLSA have resulted in a forfeiture of the "tip credit." Consequently, Defendants are liable to Named Plaintiff Santos and the Class Members for the full minimum wage for every hour worked during the statutory time period.

8. Defendants are also liable to Named Plaintiffs Santos and Harris for unlawfully retaining their tips and/or unlawfully distributing their tips to management during the three-year period preceding this lawsuit.

9. Finally, Defendants reduce (shave) their tipped employee's hours to keep their hours at or below 40 hours per workweek.  Such conduct is in violation of the FLSA.

10.     Because there are other putative plaintiffs who are similarly situated to the Named Plaintiffs with regard to the work performed and the Defendants' compensation policies, Named Plaintiffs bring this action pursuant to 29 U.S.C. § 216(b).

## II. PARTIES

11.     Named Plaintiff Miguel Santos is an individual who was employed by Defendants as a busser and a server during the three-year period preceding the filing of this lawsuit. Named Plaintiff Santos has consented to be a party-plaintiff to this action, as indicated by his consent form, which is attached hereto as "Exhibit A." Named Plaintiff Santos was paid an hourly rate below minimum wage while employed by Defendants.

12.     Named Plaintiff Michael Harris is an individual who was formerly employed by Defendants. Harris worked primarily as a barback during the three-year period preceding the filing of this lawsuit. Harris has consented to be a party-plaintiff to this action, as indicated by his consent form, which is attached hereto as "Exhibit B." Named Plaintiff Harris was paid an hourly rate above minimum wage while employed by Defendants.

13.     The Class Members are all tipped employees, including bartenders, bussers, barbacks and servers employed by Defendants during the three-year period preceding the filing of this lawsuit.

14.     Defendant R&B The Colony Restaurant, LLC ("R&B The Colony") is a Texas limited liability company that is currently authorized to do business in Texas and that is doing business in Texas, with its principal place of business in San Antonio, Texas. Named Plaintiffs worked primarily at R&B The Colony.

15.     R&B The Colony's registered agent for service of process is Brett Anz who may be served with process at 7500 San Jacinto Place, Plano, Texas 75024 or wherever he may be found

16.     At all times relevant to this claim, R&B The Colony was an employer of Named Plaintiffs

and the Class Members as defined by 29 U.S.C. §203(d).

17. Defendant Brett Anz is an individual residing in Dallas County, Texas.

18. At all times relevant to this claim, Defendant Brett Anz was one of the owners/managing members of R&B The Colony.

19. Defendant Brett Anz may be served with process at 7500 San Jacinto Place, Plano, Texas 75024, or wherever he may be found.

20. At all times relevant to this claim, Defendant Brett Anz was an employer of Named Plaintiffs and the Class Members as defined by 29 U.S.C. §203(d).

21. At all times relevant to this claim, Brett Anz acted directly or indirectly in the interest of R&B The Colony in relation to the employment of Named Plaintiffs and the Class Members.

22. At all times hereinafter mentioned, Brett Anz exercised managerial responsibilities and substantial control over Defendants' employees, including Named Plaintiffs and the Class Members, and the terms and conditions of their employment.

23. Brett Anz had and exercised the authority to hire, fire and direct Defendants' employees, including Named Plaintiffs and the Class Members.

24. Brett Anz had and exercised the authority to supervise and control the employment relationships and work schedules of Defendants' employees, including Named Plaintiffs and the Class Members.

25. Brett Anz had and exercised the authority to set and determine the rate and method of pay of Defendants' employees, including Named Plaintiffs and the Class Members.

26. Brett Anz had and exercised the authority to decide whether Defendants' employees, including Named Plaintiffs and the Class Members, received proper minimum wage and overtime compensation.

27. Brett Anz also kept and maintained employment records for all of Defendants' employees, including Named Plaintiffs and the Class Members.

## III. JURISDICTION AND VENUE

28. This Court has subject matter jurisdiction in this matter because the claims in this lawsuit arise under a federal law, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. 28 U.S.C. § 1331.

29. This Court has personal jurisdiction over all parties to this action.

30. Venue is proper in the Sherman Division of the United States District Court for the Eastern District of Texas as Defendants are located in and conduct business in Denton County, Texas, and a substantial part of the events or omissions giving rise to the claim occurred in Denton County, Texas. 28 U.S.C. § 1391(b).

## IV. COVERAGE UNDER THE FLSA

31. At all relevant times Defendants have each, individually and jointly, been an "employer" of Named Plaintiffs and the Class Members within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

32. At all relevant times, Defendants have each been engaged in an "enterprise" within the meaning of Section 3(r) of the FLSA by being, through unified operation or common control, engaged in the performance of related activities for a common business purpose - namely operating R&B The Colony which employed Named Plaintiffs and Class Members. 29 U.S.C. § 203(r).

33. At all relevant times, Defendant R&B The Colony has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA. 29 U.S.C. § 203(s)(1).

34. At all relevant times, Defendant R&B The Colony had an annual gross volume of sales made or business done of not less than $500,000.

35. At all relevant times, Named Plaintiffs and Class Members, as employees of Defendants, were engaged in commerce or in the production of goods for commerce, or were employed by Defendants in an enterprise engaged in commerce or in the production of goods for commence. 29 U.S.C. § 206(a).

36. Defendants' bartenders, servers, bussers and barbacks, including Named Plaintiffs and the Class Members, handled and sold food, alcoholic beverages and non-alcoholic beverages that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b). Defendants' bartenders, servers, bussers and barbacks, including Named Plaintiffs and the Class Members, also handled and otherwise worked with cleaning equipment, paper towels, cleaning chemicals, and service ware (utensils, cups, straws, napkins, etc.) that have been moved in or produced for commerce as defined by 29 U.S.C. §203(b).

## V. FACTUAL ALLEGATIONS

37. Within Texas, Defendants own and operate various Rock and Brews restaurants in and around San Antonio and Dallas. Defendants employed tipped employees such as bartenders, servers, bussers and barbacks.

38. Defendants employed Named Plaintiff Santos as a busser and server from September 2021 through the present and employed Named Plaintiff Harris as a barback from August 2022 through November 2024.

39. Defendants compensated Named Plaintiff Santos and the Class Members with a subminimum hourly wage plus tips while purportedly utilizing the tip credit as a defense to Defendants' obligation to pay the full minimum wage.

40. Defendants violated the FLSA by failing to inform Named Plaintiff Santos and the Class Members of all the tip credit provisions of the FLSA.

41. Defendants also violated the FLSA by enforcing a policy and practice of paying Named Plaintiffs Santos and the Class Members a subminimum hourly wage to perform non-tipped work that was unrelated to their tipped occupation (i.e., "dual jobs"). Specifically, Defendants regularly required Named Plaintiff Santos and the Class Members to perform nontipped duties unrelated to performing tasks as a bartender, server, busser or barback.

42. Defendants further violated the FLSA by requiring Named Plaintiffs Santos and Harris as well as the Class Members to contribute a portion of their tips to an illegal tip pool.

43. Therefore, based upon any one or more of the foregoing violations, Defendants violated the minimum wage provisions of the FLSA as cited in 29 U.S.C. § 206 and are prevented from utilizing the tip credit as an affirmative defense to the payment of the full minimum wage under Section 206.

44. In addition to Defendants' minimum wage violations and Defendants' theft of tips, Named Plaintiffs and the Class Members were victimized by Defendants' payment scheme that violates the FLSA's overtime requirement under Section 207.

45. During the three-year period preceding the filing of this lawsuit, Named Plaintiffs and the Class Members routinely worked more than forty (40) hours in a single workweek, but their reported hours were consistently reduced to keep them near or under forty (40) hours per week.

46. During the three-year period preceding the filing of this lawsuit, Defendants failed to pay Named Plaintiffs and the Class Members overtime premiums for all hours worked over forty (40) in a workweek, despite Named Plaintiffs and the Class Members being non-exempt from overtime.

47. Defendants' method of paying Named Plaintiffs and the Class Members in violation of the

FLSA was willful and was not based on good-faith or reasonable belief that their conduct complied with the FLSA. Therefore, a three-year statute of limitations applies due to the willful nature of the violations. 29 U.S.C. §255(a).

## VI. COLLECTIVE ACTION ALLEGATIONS

48. Named Plaintiffs and the Class Members have performed, and are performing, the same or similar job duties as one another in that they work or have worked as bartenders, servers, bussers or barbacks for Defendants.

49. Named Plaintiff Santos and the Class Members were subjected to the same pay provisions and policies in that Defendants (1) failed to inform those Class Members paid a sub minimum wage of all the tip credit provisions of the FLSA and (2) required those Class Members paid a sub minimum wage to perform nontipped work unrelated to their tipped occupation (i.e., "dual jobs").

50. Named Plaintiffs Santos and Harris as well as the Class Members were also subjected to the same pay provisions and policies in that Defendants required all Class Members to contribute a portion of their tips to an illegal tip pool.

51. Named Plaintiffs Santos and Harris as well as the Class Members were also subjected to the same pay provisions and policies in that Defendants unlawfully reduced or eliminated their overtime hours.

52. Named Plaintiffs have actual knowledge, through personal observation and conversations with co-workers, that a collective of similarly situated employees exist who share the same duties, who have been subjected to the same policies and practices of Defendants, and who were subject to the same violations of the FLSA.

53.	The Class Members paid sub-minimum wage are owed the full minimum wage for their hours worked for the same reasons as Named Plaintiff Santos, without regard to their individualized circumstances.

54.	The Class Members who were forced to share their tips with managers and supervisory employees are owed reimbursement for such tips they for the same reason as Named Plaintiffs Santos and Harris, without regard to their individualized circumstances.

55.	The Class Members whose overtime hours were improperly reduced are owed all unpaid overtime premiums for the same reason as Named Plaintiffs Santos and Harris, without regard to their individualized circumstances.

56.	Defendants knew or should have known that their policies and practices violated the FLSA and have not made a good faith effort to comply with the FLSA. Rather, Defendants acted knowingly, willfully, or with reckless disregard of the law. Defendants carried out and continued to carry out their illegal pattern and practice regarding their tipped employees as described in this Complaint.

57.	The names and addresses of the Class Members are available from Defendants' records. To the extent required by law, notice will be provided to these individuals by first class mail, email, text message, by posting a notice in common work/rest areas, or by the use of techniques and a form of notice similar to those customarily used in representative actions.

58.	Although the exact amount of damages may vary among the Named Plaintiffs and the Class Members in proportion to the number of hours they worked, damages for each individual can be easily calculated using a simple formula, and the hours worked may be obtained from Defendants' records.

59.	As such, the two classes of similarly situated Class Members are properly defined as

follows:

**First Class, represented by Named Plaintiff Santos:**

**All current and former tipped employees employed by Defendants in Texas for at least one week during the three-year period prior to the filing of this lawsuit through the final resolution of this action who were paid subminimum wage.**

**Second Class, represented by Named Plaintiff Harris:**

**All current and former tipped employees employed by Defendants in Texas for at least one week during the three-year period prior to the filing of this lawsuit through the final resolution of this action who were paid above minimum wage.**

## VII. CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

60.    During the relevant period, Defendants have violated Section 6 of the FLSA, 29 U.S.C. §§ 206, and 215(a)(2), by employing Named Plaintiff Santos and the Class Members in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA as stated herein above, and failing to pay them at the minimum wage rate for all hours worked.

61.    Defendants have acted willfully in failing to pay Named Plaintiffs and the Class Members in accordance with applicable law.

### COUNT II
### UNLAWFUL KICKBACKS UNDER THE FAIR LABOR STANDARDS ACT

62.    The mandatory tip-outs that Defendants required from Named Plaintiffs and the Class Members constitute unlawful "kick-backs" to an employer, which is prohibited by the FLSA, 29 U.S.C. § 203(m).

63.    Section 203(m)(2) provides that "[a]n employer may not keep tips received by its

employees for any purposes, including allowing managers or supervisors to keep any portion of employees' tips, regardless of whether or not the employer takes a tip credit."

64. The unlawful kickbacks received or required by Defendants were obtained knowingly, willfully, intentionally, or in bad faith.

65. Named Plaintiffs and the Class Members are entitled to an award of back pay for all unlawful kickbacks required by Defendants.

## COUNT III
## MONEY HAD AND RECEIVED
## UNDER THE COMMON LAW OF TEXAS

66. By requiring Named Plaintiffs and the Class Members to share their tips with Defendants management and supervisory employees, Defendants obtained money which in equity and good conscience belongs to Named Plaintiffs and the Class Members. *See H.E.B., L.L.C. v. Ardinger*, 369 S.W.3d 496, 507 (Tex. App.—Fort Worth 2012, no pet.) (*citing Staats v. Miller*, 150 Tex. 581, 584, 243 S.W.2d 686, 687 (1951)) ("Money had and received is an equitable action that may be maintained to prevent unjust enrichment when one person obtains money which in equity and good conscience belongs to another.").

67. Defendants obtained Named Plaintiffs and the Class Members' tips maliciously.

## COUNT IV
## FAILURE TO PAY OVERTIME UNDER THE FLSA

68. Named Plaintiffs and the Class Members were all non-exempt employees entitled to the statutorily mandated overtime wages for all hours worked over forty (40) in a single workweek.

69. Defendants failed to pay Named Plaintiffs and the Class Members one-an-one half times their regular rate for all hours worked over forty (40) each workweek.

70. None of the exemptions or defenses provided by the FLSA regulating the duty of employers to pay employees for all hours worked at the required overtime rate are applicable to

Defendants or Named Plaintiffs and the Class Members.

## VIII. PRAYER FOR RELIEF

WHEREFORE, cause having been shown, Named Plaintiffs pray for an expedited order directing notice to putative class members pursuant to 29 U.S.C. § 216(b) and, individually, and on behalf of any and all such class members, on trial of this cause, judgment against Defendants, jointly and severally, as follows:

a. For an Order pursuant to Section 16(b) of the FLSA, 29 U.S.C. §216(b), finding Defendants liable for unpaid wages (including all misappropriated tips) due to Named Plaintiffs (and those who may join in the suit) and for liquidated damages equal in amount to the unpaid wages (including all misappropriated tips) found due to Named Plaintiffs (and those who may join the suit);

b. For an Order awarding Named Plaintiffs (and those who may join in the suit) exemplary damages;

c. For an Order awarding Named Plaintiffs (and those who may join in the suit) the taxable costs and allowable expenses of this action;

d. For an Order awarding Named Plaintiffs (and those who may join in the suit) attorneys' fees;

e. For an Order awarding Named Plaintiffs (and those who may join in the suit) pre-judgment and post-judgment interest at the highest rates allowed by law;

f. For an Order awarding Named Plaintiffs declaratory and injunctive relief as necessary to prevent the Defendants' further violations, and to effectuate the purposes, of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq*. and the common law of the State of Texas; and

g. For an Order granting such other and further relief, at law or in equity, as may be necessary and/or appropriate.

Respectfully Submitted,

WELMAKER LAW, PLLC

/s/ *Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
Welmaker Law, PLLC
409 N. Fredonia, Suite 118
Longview, Texas 75601
Phone: (512) 799-2048
Email: doug@welmakerlaw.com

**ATTORNEY FOR PLAINTIFFS**