IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| MIGUEL SANTOS AND MICHAEL HARRIS, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 4:25-cv-156 |
| R&B THE COLONY RESTAURANT, LLC AND BRETT ANZ, Individually, | § § § § § | |
| Defendants. | § | |

## JOINT REPORT ON RULE 26(f) CONFERENCE

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

In accordance with the Court's Order Governing Proceedings dated May 13, 2025 (Dkt.# 10), Plaintiffs Miguel Santos, Michael Harris, et al, Defendant R&B The Colony Restaurant, LLC, et al file this Joint Report on Rule 26(f) Conference, and would respectfully show the Court as follows:

**1.    A brief factual and legal synopsis of the case.**

**Plaintiffs' Position:**

Plaintiffs claim that Defendants failed to pay their tipped employees the required federal minimum wage for the performance of nontipped work unrelated to their tipped occupation. Plaintiffs also claim that Defendants require all tipped employees paid less than minimum wage to share tips with Defendants' managers and supervisory personnel, thus resulting in a forfeiture of the "tip credit." Plaintiffs are amenable to dismissing without prejudice Defendant Anz subject to bringing him back in as a Defendant once discovery has been exchanged.

**Defendants' Position:**

Defendants deny any liability or violation of the FLSA. Defendant R&B acted in good faith with respect to the payment of its employee's wages, including Named Plaintiffs, opt-ins and putative Class Members' wages, and was, at all times, in compliance with the FLSA's requirements

regarding tip credits, minimum wage pay, overtime pay and tip pooling. Defendant Anz was not the employer of R&B's employees and did not act directly or indirectly in the interest of Defendant R&B in relation to any of Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

Defendants assert that Plaintiffs have been paid properly, and in full, for all hours worked and are not due any additional compensation or entitled to any damages sought in this case.

**2.     The jurisdictional basis for this suit.**

This Court has subject matter jurisdiction in this matter because the claims in this lawsuit arise under a federal law, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, *et seq.* 28 U.S.C. § 1331.

**3.     A list of the correct names of the parties to this action and any anticipated additional or potential parties.**

Miguel Santos, Plaintiff
Micheal Harris, Plaintiff
Taylor Jackson, Opt-in Plaintiff

Potential additional Opt-in Plaintiffs

R&B The Colony Restaurant, LLC, Defendant
Brett Anz, Defendant

**4.     A list of any cases related to this case pending in any state or federal court, identifying the case numbers and courts along with an explanation of the status of those cases.**
None.

**5.     Confirm that initial mandatory disclosure required by Rule 26(a)(1) and this order has been completed.**

The Parties have exchanged the mandatory disclosure required by Rule 26(a)(1) and the Court's Oder Governing Proceedings.

**6.     Proposed Scheduling Order deadlines.**

See attached at Exhibit A.

**7.     Describe in accordance with Rule 26(f):**
   **(i)  The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or be limited to or focused on particular issues.**

>The Parties anticipate discovery on the pay policies at issue, including policies on overtime, tip credits and tip pooling; and whether Plaintiffs are entitled to recover any damages.
>
>The Parties also anticipate discovery regarding whether this case may properly proceed as a collective action under the FLSA, and if so, the appropriate class members and related damages.

**(ii) Any issues relating to disclosure or discovery of electronically stored information ("ESI"), including the form or forms in which it should be produced (whether native or some other reasonably usable format) as well as any methodologies for identifying or culling the relevant and discoverable ESI. Any disputes regarding ESI that counsel for the parties are unable to resolve during conference must be identified in the report.**

The Parties anticipate that electronically stored information will be produced in the format in which it is kept during the ordinary course of business or a reasonably useable format as mutually agreed. The Parties have agreed they will address those issues in the course of discovery and work together to resolve any related disputes prior to seeking Court intervention.

**(iii) Any agreements or disputes relating to asserting claims of privilege or preserving discoverable information, including electronically stores information and any agreements reached under Federal Rule of Evidence 502 (such as the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues). A party asserting that any information is confidential should immediately apply to the Court for entry of a protective order.**

The Parties do not anticipate any disputes regarding claims of privilege or preserving discoverable information but agree to work together to attempt to address any other disputes in the event they arise.

Plaintiffs and Defendants also agree to enter an Agreed Confidentiality/Protective Order that covers the disclosure and protection of confidential materials for each party or others.

**(iv) Any changes that should be made in the limitations on discovery imposed by the Rules, whether federal or local, and any other limitations that should be imposed.**

The Parties do not request any changes in the limitations on discovery under the Rules.

  **(v) Whether any other orders should be entered by the Court pursuant to Federal Rule of Civil Procedure 26(c) or 16(b), (c).**

 The parties do not request any orders at this time pursuant to FRCP 26(c) or 16(b),(c).

**8. State the progress made toward settlement, and the present status of settlement negotiations, including whether a demand and offer has been made. If the parties have agreed upon a mediator, also state the name, address, and phone number of that mediator, and a proposed deadline for mediation. An early date is encouraged to reduce expenses. The Court will appoint a mediator if none is agreed upon.**

 The Parties have been engaged in settlement discussions, including exchanging documents for review; however, no settlement has been reached.

 The Parties have agreed to the following Mediator:

> Suzi Lehman Johnson
> Lehman Johnson Law, PLLC
> 325 Heights Blvd.
> Houston, Texas 77007

 The Parties propose the following deadline for Mediation: January 21, 2026.

**9. The identity of persons expected to be deposed.**

<u>**Plaintiffs**</u>**:**

Plaintiffs anticipate taking the following depositions:

Defendant's Corporate Representative

<u>**Defendants**</u>**:**

Defendants anticipate taking the following depositions:

Miguel Santos
Michael Harris
Taylor Jackson

Defendants may also depose additional Opt-in Plaintiffs.

**10. Estimated trial time and whether a jury demand has been timely made.**

The Parties estimate 5 days for trial. A jury has not been demanded.

**11.     The names of the attorneys who will appear on behalf of the parties at the management conference (the appearing attorney must be an attorney of record and have full authority to bind the client).**

Douglas Welmaker will appear for the Plaintiffs.

Laura Calhoun will appear for Defendants.

**12.     Whether the parties jointly consent to trial before a magistrate judge.**

The Parties do not consent to a trial before a magistrate judge.

**13.     Any other matters that counsel deem appropriate for inclusion in the joint conference report of that deserve the special attention of the Court at the management conference.**

None at this time.

Respectfully submitted,

*/s/ Douglas B. Welmaker*
**Douglas B. Welmaker**
State Bar No. 00788641
doug@welmakerlaw.com
**WELMAKER LAW, PLLC**
409 N. Fredonia Street
Suite 118
Longview, Texas 75601
512.799.2048

**ATTORNEY FOR PLAINITFFS**

and

*/s/ Laura E. Calhoun*
**Laura E. Calhoun**
State Bar No. 06342400
lcalhoun@clarkhill.com
**Kimberly S. Moore**
State Bar No. 00784629
ksmoore@clarkhill.com
**CLARK HILL**
2600 Dallas Parkway
Suite 600
Frisco, TX  75034
469.287.3900
469.287.3999 Fax
**ATTORNEYS FOR DEFENDANTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this, the 19th day of June 2025, the above and foregoing pleading was filed via the court's ECF system, and all counsel of record were served via the court's electronic notification.

*/s/ Laura E. Calhoun*
Laura E. Calhoun