## IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF TEXAS
### SHERMAN DIVISION

| | | |
|---|---|---|
| **MIGUEL SANTOS AND MICHAEL HARRIS, Individually and On Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | |
| **v.** | § § | **Civil Action No. 4:25-cv-156** |
| **R&B THE COLONY RESTAURANT, LLC AND BRETT ANZ, Individually,** | § § § § | |
| **Defendants.** | § § | |

### DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT

COMES NOW, Defendants R&B The Colony Restaurant, LLC ("R&B") and Brett Anz ("Anz") (hereinafter collectively, the "Defendants") and files this, their First Amended Answer to Plaintiffs' Original Complaint and would show the court as follows:

### I.  NATURE OF SUIT

1.      Defendants deny that Defendant Brett Anz operates a chain of restaurants in Texas or any other state under the assumed name of Rock & Brews Restaurant. Defendants also deny that Defendant Anz was the employer of any of Defendant R&B's employees.   Defendants admit the remaining allegations in paragraph 1 of Plaintiffs' Original Complaint.

2.      Paragraph 2 contains a legal conclusion to which no response is required.

3.      Regarding paragraph 3, Defendants admit only that Plaintiff Santos was paid by Defendant R&B utilizing the tip credit provisions of the FLSA when he worked for Defendant R&B in his role as a Server. Defendants otherwise deny the allegations in paragraph 3 of Plaintiffs' Original Complaint.

---

**DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' ORIGINAL COMPLAINT        Page 1**

4.      Defendants deny the allegations in paragraph 4 of Plaintiffs' Original Complaint.

5.      Defendants deny the allegations in paragraph 5 of Plaintiffs' Original Complaint.

6.      Defendants deny the allegations in paragraph 6 of Plaintiffs' Original Complaint.

7.      Defendants deny the allegations in paragraph 7 of Plaintiffs' Original Complaint.

8.      Defendants deny the allegations in paragraph 8 of Plaintiffs' Original Complaint.

9.      Defendants deny the allegations in paragraph 9 of Plaintiffs' Original Complaint.

10.      Defendants admit only that Named Plaintiffs state in paragraph 10 that they are bringing this action pursuant to 29 U.S.C. Section 216(b). Defendants deny the remaining allegations in paragraph 10 of Plaintiffs' Original Complaint.

## II. PARTIES

11.      Regarding paragraph 11 of Plaintiffs' Original Complaint, Defendants admit only that Plaintiff Miguel Santos has been employed by Defendant R&B as a server and a busser. Defendants are unable to admit or deny whether Plaintiff Santos has consented to be a party-plaintiff in this action. Defendants deny the remaining allegations in paragraph 11.

12.      Regarding paragraph 12 of Plaintiffs' Original Complaint, Defendants admit only that Plaintiff Michael Harris has been employed by Defendant R&B as a barback and was paid at least minimum wage. Defendants are unable to admit or deny whether Plaintiff Harris has consented to be a party-plaintiff in this action. Defendants deny the remaining allegations in paragraph 12.

13.      Defendants deny the allegations in paragraph 13 of Plaintiffs' Original Complaint.

14.      Defendants deny that Defendant R&B's principal place of business is in San Antonio, Texas but admit the remaining allegations in paragraph 14 of Plaintiffs' Original Complaint.

15.    Defendants admit the allegations in paragraph 15 of Plaintiffs' Original Complaint.

16.    Regarding paragraph 16 of Plaintiffs' Original Complaint, Defendants admit only that Plaintiff Michael Harris and Miguel Santos have been employed by Defendant R&B at some time periods relevant to this claim. Defendants deny the remaining allegations in paragraph 16.

17.    Defendants deny the allegations in paragraph 17 of Plaintiffs' Original Complaint.

18.    Defendants deny the allegations in paragraph 18 of Plaintiffs' Original Complaint.

19.    Defendants admit the allegations in paragraph 19 of Plaintiffs' Original Complaint.

20.    Defendants deny the allegations in paragraph 20 of Plaintiffs' Original Complaint.

21.    Defendants deny the allegations in paragraph 21 of Plaintiffs' Original Complaint.

22.    Defendants deny the allegations in paragraph 22 of Plaintiffs' Original Complaint.

23.    Defendants deny the allegations in paragraph 23 of Plaintiffs' Original Complaint.

24.    Defendants deny the allegations in paragraph 24 of Plaintiffs' Original Complaint.

25.    Defendants deny the allegations in paragraph 25 of Plaintiffs' Original Complaint.

26.    Defendants deny the allegations in paragraph 26 of Plaintiffs' Original Complaint.

27.    Defendants deny the allegations in paragraph 27 of Plaintiffs' Original Complaint.

### III. JURISDICTION AND VENUE

28.    Regarding paragraph 28, Defendants admit only that the Court has jurisdiction in this matter. Defendants deny any liability to Plaintiffs.

29.    Regarding paragraph 29, Defendants admit only that the Court has jurisdiction in this matter. Defendants deny any liability to Plaintiffs.

30.    Regarding paragraph 30, Defendants admit only that venue is proper in this District based on Defendant R&B's business location. Defendants deny the remaining allegations in paragraph 30 of Plaintiff's Original Complaint.

## IV. COVERAGE UNDER THE FLSA

31.     Defendants deny the allegations in paragraph 31 of Plaintiffs' Original Complaint.

32.     Defendants deny the allegations in paragraph 32 of Plaintiffs' Original Complaint.

33.     Defendants admit the allegations in paragraph 33 of Plaintiffs' Original Complaint as to Defendant R&B only.

34.     Defendants admit the allegations in paragraph 34 of Plaintiffs' Original Complaint as to Defendant R&B only.

35.     Defendants deny the allegations in paragraph 35 of Plaintiffs' Original Complaint.

36.     Regarding paragraph 36, Defendants admit only that some employees of Defendant R&B have performed some of the listed services. Defendants deny the remaining allegations in paragraph 36 of Plaintiff's Original Complaint.

## V.  FACTUAL ALLEGATIONS

37.     Regarding paragraph 37, Defendants admit only that Defendant R&B operates some restaurants in Texas. Defendants deny the remaining allegations in paragraph 37 of Plaintiff's Original Complaint.

38.     Regarding paragraph 38 of Plaintiffs' Original Complaint, Defendants admit only that Plaintiffs Michael Harris and Miguel Santos have been employed by Defendant R&B in various roles. Defendants deny the remaining allegations in paragraph 38.

39.     Defendants deny the allegations in paragraph 39 of Plaintiffs' Original Complaint.

40.     Defendants deny the allegations in paragraph 40 of Plaintiffs' Original Complaint.

41.     Defendants deny the allegations in paragraph 41 of Plaintiffs' Original Complaint.

42.     Defendants deny the allegations in paragraph 42 of Plaintiffs' Original Complaint.

43.     Defendants deny the allegations in paragraph 43 of Plaintiffs' Original Complaint.

44.    Defendants deny the allegations in paragraph 44 of Plaintiffs' Original Complaint.

45.    Defendants deny the allegations in paragraph 45 of Plaintiffs' Original Complaint.

46.    Defendants deny the allegations in paragraph 46 of Plaintiffs' Original Complaint.

47.    Defendants deny the allegations in paragraph 47 of Plaintiffs' Original Complaint.

## VI. COLLECTIVE ACTION ALLEGATIONS

48.    Defendants deny the allegations in paragraph 48 of Plaintiffs' Original Complaint.

49.    Defendants deny the allegations in paragraph 49 of Plaintiffs' Original Complaint.

50.    Defendants deny the allegations in paragraph 50 of Plaintiffs' Original Complaint.

51.    Defendants deny the allegations in paragraph 51 of Plaintiffs' Original Complaint.

52.    Defendants deny the allegations in paragraph 52 of Plaintiffs' Original Complaint.

53.    Defendants deny the allegations in paragraph 53 of Plaintiffs' Original Complaint.

54.    Defendants deny the allegations in paragraph 54 of Plaintiffs' Original Complaint.

55.    Defendants deny the allegations in paragraph 55 of Plaintiffs' Original Complaint.

56.    Defendants deny the allegations in paragraph 56 of Plaintiffs' Original Complaint.

57.    Defendants deny the allegations in paragraph 57 of Plaintiffs' Original Complaint.

58.    Defendants deny the allegations in paragraph 58 of Plaintiffs' Original Complaint.

59.    Defendants deny the allegations in paragraph 59 of Plaintiffs' Original Complaint.

## VII.    CAUSES OF ACTION

### COUNT I
### FAILURE TO PAY MINIMUM WAGES IN
### ACCORDANCE WITH THE FAIR LABOR STANDARDS ACT

60.    Defendants deny the allegations in paragraph 60 of Plaintiffs' Original Complaint.

61.    Defendants deny the allegations in paragraph 61 of Plaintiffs' Original Complaint.

## COUNT II
## UNLAWFUL KICKBACKS UNDER THE FAIR LABOR STANDARDS ACT

62.     Defendants deny the allegations in paragraph 62 of Plaintiffs' Original Complaint.

63.     The allegation in paragraph 63 is a conclusion of law which does not require a response.

64.     Defendants deny the allegations in paragraph 64 of Plaintiffs' Original Complaint.

65.     Defendants deny the allegations in paragraph 65 of Plaintiffs' Original Complaint.

## COUNT III
## MONEY HAD AND RECEIVED
## UNDER THE COMMON LAW OF TEXAS

66.     The conclusions of law in paragraph 66 do not require a response.  Defendants otherwise deny the allegations in paragraph 66 of Plaintiffs' Original Complaint.

67.     Defendants deny the allegations in paragraph 67 of Plaintiffs' Original Complaint.

## COUNT IV
## FAILURE TO PAY OVERTIME UNDER THE FLSA

68.     Regarding paragraph 68, Defendants admit only that non-exempt employees of Defendant R&B were entitled to overtime pay for all hours worked in excess of 40 hours in a single workweek. Defendants otherwise deny the allegations in paragraph 68 of Plaintiffs' Original Complaint.

69.     Defendants deny the allegations in paragraph 69 of Plaintiffs' Original Complaint.

70.     Defendants deny the allegations in paragraph 70 of Plaintiffs' Original Complaint.

## VIII.   PRAYER FOR RELIEF

Defendants deny that Plaintiffs are entitled to the relief sought on pages 12-13 of Plaintiff's Complaint, including all sub-parts.

## AFFIRMATIVE DEFENSES

1.      Defendant R&B acted in good faith with respect to the payment of its employee's wages, including Named Plaintiffs, opt-ins and putative Class Members' wages, and was, at all times, in compliance with the FLSA.

2.      Defendant Anz was not the employer of R&B's employees and did not act directly or indirectly in the interest of Defendant R&B in relation to any of Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

3.      Defendant Anz does not have and did not exercise managerial responsibilities or substantial control over Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

4.      Defendant Anz does not have, and has not exercised, authority to hire, fire and direct Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

5.      Defendant Anz does not have, and has not exercised, authority to supervise and control the employment relationships and work schedules of Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

6.      Defendant Anz does not have, and has not exercised, authority to set and determine pay rates, method of pay and proper payment of minimum wages and overtime for Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

7.      Defendant Anz has not, and does not, maintain the employment records for Defendant R&B's employees, including Named Plaintiffs, opt-ins and putative Class Members.

8.      Defendants did not act in a manner sufficient to entitle Named Plaintiffs, opt-ins and putative Class members to liquidated damages. Defendant R&B acted in good faith with

respect to paying its employees, including Named Plaintiffs, opt-ins and putative Class Members, and reasonably believed that all wages due had been properly paid and no additional wages were owed.

9.      Named Plaintiffs, opt-ins and putative Class Members are not entitled to a monetary recovery for an alleged violation of the FLSA's notice requirement. Defendant R&B provided the proper notice regarding taking a tip credit under the FLSA to its employees, including Named Plaintiffs, opt-ins and putative Class Members.

10.      Named Plaintiffs, opt-ins and putative Class Members were properly paid at least minimum wage for all hours worked. Regarding tipped employees, Defendant R&B asserts that it qualified for the tip credit exemption allowed under the FLSA. Tipped employees were properly paid and in an amount of at least the full federal minimum wage when direct wages and the tip credit amount were combined. Therefore, Plaintiffs' claims for failure to pay minimum wage are barred.

11.      Named Plaintiffs, opt-ins and putative Class Members have suffered no damages. They have been paid in full for all hours worked, including overtime hours, and were not subject to an unlawful tip pool.

12.      To the extent applicable, no conduct by Defendants was knowing or willful with respect to Named Plaintiffs, opt-ins and putative Class Members.  Plaintiffs' request for a "relevant time" period beyond two years is unfounded and improper.

13.      Named Plaintiffs' claims (and claims of any opt-ins or putative Class Members and any alleged collective action claims) are barred to the extent claims accrued prior to the applicable statute of limitations.

14.    Named Plaintiffs and any opt-ins or putative Class Members are not similarly situated.

15.    Damages, if any, alleged by the Named Plaintiffs and any opt-ins or putative Class Members are barred and/or reduced based on a failure to mitigate damages.

16.    As a prevailing party, each Defendant seeks the recovery of its costs and, as available, its necessary attorneys' fees.


WHEREFORE, Defendants, R&B The Colony Restaurant, LLC and Brett Anz. respectfully request that Plaintiffs' Original Complaint be dismissed, with prejudice, and Defendants be awarded all relief to which they may be entitled by law.

Respectfully submitted,

_____/s/ Laura E. Calhoun_____
**LAURA E. CALHOUN**
State Bar No. 06342400
lcalhoun@clarkhill.com
**KIMBERLY S. MOORE**
State Bar No. 00784629
ksmoore@clarkhill.com
**CLARK HILL PLC**
2600 Dallas Parkway
Suite 600
Frisco, TX 75034
469.287.3955
469.287.3999 Fax

**ATTORNEYS FOR DEFENDANTS**

**CERTIFICATE OF SERVICE**

I hereby certify that on October 15, 2025, the above and foregoing was electronically filed and eserved in accordance with the Federal Rules of Civil Procedure.

_/s/ Laura E. Calhoun_____
Laura E. Calhoun